UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BERNICE THARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-61 |
| | ) |
| FRANCK'S LAB, INC., *Individually and* | ) |
| *d/b/a Franck's Compounding Lab and/or* | ) |
| *Franck's Pharmacy, Inc.*; WELLS | ) |
| PHARMACY NETWORK, L.L.C.; | ) |
| PAUL W. FRANCK, R.Ph.; and | ) |
| ANTHONY JAMES CAMPBELL, R.Ph., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was filed in this Court on March 4, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Defendant Paul W. Franck was a principal and shareholder of Franck's Lab, Inc., and a licensed pharmacist in Florida and that Defendant Anthony James Campbell was a lead chemist with Franck's Lab, Inc. (Compl. ¶¶ 6-7.) The Complaint further states that "Defendant Wells Pharmacy Network, L.L.C., is a Florida limited liability corporation, not registered but doing business in the State of Indiana . . . ." (Compl. ¶ 5.)

The Complaint, however, is inadequate for two reasons. First, regarding Defendants Paul Franck and Anthony Campbell, the Complaint contains no allegations concerning their citizenship. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which

1

depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised of the citizenship of Defendants Paul Franck and Anthony Campbell, which is based on their domicile.

As to Defendant Wells Pharmacy Network, L.L.C., a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Wells Pharmacy Network, L.L.C. to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Wells Network Pharmacy, L.L.C. who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint on or before March 19, 2013, properly alleging the citizenship of Defendant Paul W. Franck, Defendant Anthony James Campbell, and Defendant Wells Pharmacy Network, L.L.C.

SO ORDERED.

Enter for this 5th day of March, 2013.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge